Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

| | |
|---|---|
| IN RE:<br><br>TIMOTHY AND SANDRA STORMES.<br><br>                Debtor. | CASE NO. 3:16-bk-30099<br><br>CHAPTER 13<br><br>JUDGE FRANK W. VOLK |
| TIMOTHY and SANDRA STORMES,<br><br>                Plaintiffs,<br>v.<br><br>DISCOVER BANK,<br><br>                Defendants. | ADVERSARY PROCEEDING NO.<br>16-AP-03006 |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

Pending is the motion to dismiss by Defendant Discover Bank ("Discover"). [Dckt. 6 -7].

This is a noncore proceeding relating to a case under Title 11. The Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

**I.**

The Stormes petitioned for relief under Chapter 13 on February 29, 2016. The petition states "in the last 180 days prior to filing the petition, [the Stormes] lived in [the Southern District of West Virginia] longer than any other district." [Dckt. 1 of Bankruptcy Case]. As of February 29, 2016, the Court presided over the main bankruptcy case and all related adversary proceedings.

The Stormes financial distress led to an arrearage in their indebtedness to Discover. Discover commenced collection efforts, which included telephone calls, written communications, and other means of contact. In response, the Stormes retained counsel to represent their interests on the matter. On June 16, 2015, the Stormes mailed a letter to Discover. They advised the bank they had retained counsel and instructed Discover to direct all further collection efforts to their lawyer. Additionally, the letter included a request that Discover terminate contact at specified telephone numbers. The Stormes' counsel failed to include in their motion any dates other than the June 16, 2016, letter. Thus, the chronology is a bit unclear. Specifically, the Court cannot ascertain whether Discover's collection efforts commenced before or after the petition was filed.

When Discover continued its direct collection efforts, the Stormes filed this adversary proceeding on May 29, 2016. They allege five counts. Count One asserts common law negligence, contending Discover failed to train, supervise, monitor or otherwise control employees to ensure compliance with the West Virginia Consumer Credit Protection Act. [Dckt. 1]. Count Two asserts intentional infliction of emotional distress. [Dckt. 1]. Count Three asserts a claim for negligent infliction of emotional distress resulting from Discover's violation of the Telephone Consumer Protection Act ["TCPA"]. [Dckt. 1]. Count Four asserts a claim for common law invasion of privacy, referring to the Stormes' asserted expectation "to be free from harassing and annoying telephone calls within the confines of [their] home." [Dckt. 1]. Count Five asserts an additional TCPA violation, alleging Discover used a "predictive or otherwise automated dialer system to call the [Stormes]." [Dckt. 1].

Discover moves to dismiss for improper venue. Discover asserts the Stormes are domiciled in, and residents of, Coal Grove, Ohio, and have not resided in the Southern District of West Virginia for 180 days prior to filing for bankruptcy in this District. Discover states the

Stormes are registered to vote in Ohio, pay property taxes in Ohio, and have vehicles registered in Ohio. Moreover, only three out of fifty-nine creditors in the main case have addresses in West Virginia.

The Stormes offer four contentions in response. First, they assert that the motion to dismiss is untimely. Second, they assert that Discover submitted to venue in this District by filing proof of claim 5-1 for $1,384.57 on March 15, 2016. Third, they assert venue here is the most convenient given this District's close proximity to their Ohio home. Fourth, they contend the interests of justice support their venue choice inasmuch as the Court has invested substantial time and resources in the main bankruptcy proceeding since February 29, 2016.

Discover replies that its venue challenge is timely and the investment of time and resources is not grounds for retention.

**II.**

**A.    Governing Standard**

Title 28 U.S.C. § 1412 is made applicable here by Federal Rule of Bankruptcy Procedure 1014. Section 1412 provides "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

In assessing where the "interest of justice" lies, courts apply the following factors:

> (1) the economic [and efficient] administration of the bankruptcy estate; (2) the presumption in favor of trying proceedings related to a bankruptcy case in the court in which the bankruptcy is pending; (3) judicial efficiency; (4) ability to receive a

3

fair trial; (5) the state's interest in having local controversies decided within its borders; (6) enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum.

*Hilton Wolrdwide, Inc. Global Benefit Administrative Committee v. Caesars Entertainment Corp.*, 532 B.R. 259, 274 (E.D. Va 2015). As noted by Judge Copenhaver in *Dunlap v. Friedman's, Inc.*, 331 B.R. 674 (S.D.W. Va. 2005), "The most important of these factors is the first factor, the economic and efficient administration of the estate." *Id.* at 680.

The Court also may consider the home-court presumption, which provides, "[T]he court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction, because speedy and economic administration of cases is a paramount consideration in the bankruptcy process." *Dunlap,* 331 B.R. at 680 ("The district in which the bankruptcy case is pending is presumed to be the appropriate venue to preside over proceedings in the bankruptcy case"); *see also Krakowski v. Am. Airlines, Inc.*, 927 F. Supp. 2d 769, 774 (E.D. Mo. 2013); *In re Vital Link Lodi, Inc.*, 240 B.R. 15, 19 (Bankr. W.D. Mo. 1999)("there is a strong presumption in favor of placing venue in the district where the bankruptcy case is pending.").

The movant bears the burden to overcome the home-court presumption and tip the scales in favor of transfer or dismissal. *See Smith v. JP Mprgan Chase Bank, N.A.*, 737 F. Supp.2d 476, 480 (S.D. W.Va. 2010)(noting that, "the party seeking transfer carries the burden of showing that the current venue is inconvenient).

**B.** **Analysis**

Discover asserts the main bankruptcy case filed by the Stormes and the related adversary proceedings should be dismissed on jurisdictional and venue grounds. The crux of Discover's argument is the Stormes live in Coal Grove, as indicated by the address listed on their

petition and property taxes. The geographical residence and domicile of the Stormes alone, however, is of insufficient force to satisfy the burden imposed. This is especially so given the synergistic effect of the economic and efficient administration of the bankruptcy estate and the home-court presumption.

For more than seven months this Court presided over the main bankruptcy case and all residual claims. The time and effort expended has resulted in a familiarity with and understanding of the issues presented. To dismiss or transfer the proceeding at this point would redound to the financial detriment of the estate, other creditors, and the debtors.

Likewise, judicial efficiency is promoted where the tribunal most familiar with the case is able to preside over it in its entirety, from inception to case closing or final judgment. Retention of venue will aid the swift and effective resolution of the matter. The opposite effect would result from transfer or dismissal. Additionally, severing the adversary proceeding from the main case makes little sense and conflicts with "the presumption in favor of trying proceedings related to a bankruptcy case in the court in which the bankruptcy is pending." *Hilton Worldwide*, 532 B.R. at 274.

Weighing these factors, and mindful of binding precedent allocating the most weight to the economic and efficient administration of the estate, the scales tip decidedly in favor of retaining both the main case and the adversary proceeding in the interest of justice.[1]

---

[1] Moreover, Discover submitted itself for venue purposes here on March 15, 2016, by filing a proof of claim against the Stormes for $1,384.57. The Supreme Court has consistently held that "a creditor[,] by filing a proof of claim against a bankruptcy estate[,] . . . triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989) and *see generally Katchen v. Landy*, 382 U.S. 323 (1966)).

It is, accordingly, **ORDERED** that Discover Bank's Motion to Dismiss [Dckt. 6] in the adversary proceeding be, and hereby is, **DENIED**.

---

At least in these narrow circumstances, where the related adversary proceeding involves collection of the same debt listed in the proof of claim, a venue waiver finding is appropriate.